



1  Dominique Daniels
2  1907 N. Keene Avenue
   Los Angeles, California 90059
3  (424) 757-2523
   ddaniels34@toromail.csudh.edu
4
5  Plaintiff in Pro Per

6

7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  DOMINIQUE DANIELS,                 **Case No.:** 8:23-cv-01940-CJC-(DFMx)

13              Plaintiff,             **COMPLAINT FOR DAMAGES**
                                       **PURSUANT TO:**
14        vs.

15                                     1. **Title VIII of the Civil Rights**
   ADVANCED GROUP 01-75, A               **Act of 1968 (Fair Housing Act),**
16  CALIFORNIA LIMITED                   **42 U.S.C. § 3601, § 3604, & § 3617;**
   PARTNERSHIP, ADVANCED              2. **Title III of the ADA of 1990,**
17  MANAGEMENT COMPANY                   **42 U.S.C. § 12101 & 12181;**
   LLC., ADVANCED REAL ESTATE        3. **The Unruh Civil Rights Act,**
18  SERVICES, INC., AG89-5, INC.,        **Cal. Civ. Code § 51 et seq;**
19  CRESTWOOD APARTMENTS,             4. **The Tom Bane Civil Rights Act,**
   LLC, AMY FYLLING, JOELL              **Cal. Civ. Code § 52.1 et seq;**
20  SCARDINA, LORI POWELL,            5. **California Disabled Persons Act,**
21  DOES 1-5, inclusive,                 **Cal. Civ. Code § 54 et seq;**
                                       6. **Housing Disc., Cal. Gov. Code §**
22              Defendants.             **12921(b) & § 12955(a),(d);**
23                                     7. **Negligence, Cal. Civ. Code § 1714 &**
                                        **§ 2338, Rest. (2d) of Torts § 379A,**
24                                      **& Rest. (3d) of Torts § 14;**
25                                     8. **Cal. Bus. & Prof. Code, § 17200 et seq.**
26
                                       **[DEMAND FOR JURY TRIAL]**
27

28

                                       1

                       **COMPLAINT FOR DAMAGES**

## JURISDICTION

**1.**　This court has jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state actions under 28 U.S.C. § 1367.  Federal question jurisdiction arises pursuant to 42 U.S.C. § 3601 and § 3604 et seq.; 42 U.S.C. § 3613 et seq. and § 3617; 42 U.S.C. § 12101; 42 U.S.C. § 12182 et seq.; 42 U.S.C. § 12188(a)(1); 24 CFR § 36.501; 24 CFR § 100.50 et seq.; 24 C.F.R. § 100.65; 24 CFR § 100.202 et seq.; 24 CFR § 100.204 et seq.; and 24 CFR § 100.400 et seq.

## VENUE

**2.**　Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants business and the unlawful acts were committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

**3.**　Plaintiff DOMINIQUE DANIELS (hereafter, "Plaintiff") address is 1907 N. Keene Ave., Los Angeles, California 90059.  At all times mentioned in this Complaint, Plaintiff was a disabled and handicap person, individual, and a tenant of Defendants in Orange County, California.

**4.**　Defendant ADVANCED GROUP 01-75, A CALIFORNIA LIMITED PARTNERSHIP, address is or is believed to be 15320 BARRANCA PKWY, STE 100, IRVINE, CA 92618.  Plaintiff is informed and believes and thereon alleges that Defendant ADVANCED GROUP 01-75, A CALIFORNIA LIMITED PARTNERSHIP (hereafter, "AG 01-75") is, and at all times mentioned in this Complaint was, or may have been acting as an California Corporation, landlord, person, employee, business establishment, managing agent, real estate agent, real estate broker, organization, rental housing, property owner, co-owner, and/or an entity or private entity authorized to do business in the State of California with rental properties in Orange County, California.

//

**COMPLAINT FOR DAMAGES**

**5.** Defendant ADVANCED MANAGEMENT COMPANY LLC., address is or is believed to be 8033 W. SUNSET BLVD., #1069, LOS ANGELES, CALIFORNIA 90046 or 15320 BARRANCA PARKWAY, SUITE 100, IRVINE, CA 92618.  Plaintiff is informed and believes and thereon alleges that Defendant ADVANCED MANAGEMENT COMPANY LLC., (hereafter, "AMC") is, and at all times mentioned in this Complaint was, or may have been acting as a California Corporation, landlord, person, employee, business establishment, managing agent, real estate agent, real estate broker, organization, rental housing, property owner, co-owner, and/or an entity or private entity authorized to do business in the State of California with rental properties in Orange County, California.

**6.** Defendant ADVANCED REAL ESTATE SERVICES, INC., address is or is believed to be 15320 BARRANCA PARKWAY, SUITE 100, IRVINE, CA 92618.  Plaintiff is informed and believes and thereon alleges that Defendant ADVANCED REAL ESTATE SERVICES, INC., (hereafter, "ARES") is, and at all times mentioned in this Complaint was, or may have been acting as a California Corporation, landlord, person, employee, business establishment, managing agent, real estate agent, real estate broker, organization, rental housing, property owner, co-owner, and/or an entity or private entity authorized to do business in the State of California with rental properties in Orange County, California.

**7.** Defendant AG89-5, INC., address is or is believed to be 15320 BARRANCA PARKWAY, SUITE 100, IRVINE, CA 92618. Plaintiff is informed and believes and on it alleges that Defendant AG89-5, INC., (hereafter, "AG89-5") is, and at all times mentioned in this Complaint was, or may have been acting as a California Corporation, landlord, person, employee, business establishment, managing agent, real estate agent, real estate broker, organization, rental housing, property owner, co-owner, and/or an entity or private entity authorized to do business

3

**COMPLAINT FOR DAMAGES**

in the State of California with rental properties in Orange County, California.

**8.** Defendant CRESTWOOD APARTMENTS, LLC address is or is believed to be 7109 ROTHERFIELD COURT ORANGEVALE, CALIFORNIA 95662 or 21011 OSTERMAN ROAD, LAKE FOREST, CALIFORNIA 92630. Plaintiff is informed and believes and thereon alleges that Defendant CRESTWOOD APARTMENTS, LLC., (hereafter, "CRESTWOOD APARTMENTS") is, and at all times mentioned in this Complaint was, or may have been acting as a California Corporation, landlord, person, employee, business establishment, managing agent, real estate agent, real estate broker, organization, rental housing, property owner, co-owner, and/or an entity or private entity authorized to do business in the State of California with rental properties in Orange County, California.

**9.** Defendant AMY FYLLING address is or is believed to be 15320 BARRANCA PARKWAY, SUITE 100, IRVINE, CA 92618. Plaintiff is informed and believes and thereon alleges that Defendant AMY FYLLING (hereafter, "FYLLING") is, and at all times mentioned in this Complaint was, or may have been acting as a California Corporation, landlord, person, employee, paid employee business establishment, agent, temporary agent, managing agent, real estate agent, real estate broker, organization, rental housing, contractor, property owner, co-owner, and/or an entity or private entity authorized to do business in the State of California with rental properties in Orange County, California.

**10.** Defendant JOELL SCARDINA address is or is believed to be 10300 LA HACIENDA AVE, FOUNTAIN VALLEY, CALIFORNIA 92708. Plaintiff is informed and believes and thereon alleges that Defendant JOELL SCARDINA (hereafter, "SCARDINA") is, and at all times mentioned in this Complaint was, or may have been acting as a California Corporation, landlord, person, employee, paid employee, business establishment, agent, temporary agent, managing agent, real estate

4

**COMPLAINT FOR DAMAGES**

agent, real estate broker, organization, rental housing, contractor, property owner, co-owner, and/or an entity or private entity authorized to do business in the State of California with rental properties in Orange County, California.

11.    Defendant LORI POWELL address is or is believed to be 21011 OSTERMAN ROAD, LAKE FOREST, CALIFORNIA 92630. Plaintiff is informed and believes and thereon alleges that Defendant LORI POWELL (hereafter, "POWELL") is, and at all times mentioned in this Complaint was, or may have been acting as a California Corporation, landlord, person, employee, paid employee, business establishment, agent, managing agent, real estate agent, real estate broker, organization, rental housing, contractor, property owner, co-owner, and/or an entity or private entity authorized to do business in the State of California with rental properties in Orange County, California.

12.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 5, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff believes and thereon alleges that Defendant DOES 1 through 5, inclusive (hereafter, "DOES 1-5") is, and at all times mentioned in this Complaint was or may have been acting as a California Corporation, landlord, person, employee, paid employee, business establishment, managing agent, real estate agent, real estate broker, organization, rental housing, property owner, co-owner, and/or an entity or private entity authorized to do business in the State of California with rental properties in Orange County, California.

13.    Plaintiff believes and thereon alleges that said fictitiously named Defendants DOES 1-5 are a California Corporation, landlord, person, employee, business establishment, agent, temporary agent, managing agent, real estate agent, real estate broker, organization, rental housing, property owner and/or an entity performing work duties for, with, or on behalf of Defendants AG 01-75, AMC,

5

**COMPLAINT FOR DAMAGES**

ARES, AG89-5, CRESTWOOD APARTMENTS, FYLLING, SCARDINA, and POWELL in the State of California with rental or real estate properties in Orange County, California, and are in some manner responsible for or involved in the events and happenings alleged herein.

14.   Plaintiff is informed and/or believe and thereon alleges that at all times relevant herein, Defendants AG 01-75, AMC, ARES, AG89-5, CRESTWOOD APARTMENTS, FYLLING, SCARDINA, POWELL, and DOES 1-5 (collectively and hereafter, "Defendants") was acting for his, her, or its own personal account or authority and as legal or property owners, entity, lessors, operators, managers, maintainers, agent, real estate or managing agent, broker, servant, employee, employer, trustee, trustor, representative, fiduciary, partner, co-venturer, officer, director, stockholder, principal or co-conspirator, California Corporation, landlord, person, business establishment, organization, rental housing property, owner and/or an entity or private entity performing work duties for, with, on behalf of, and/or under the guidance, instruction, authorization, instigation, ratification, assistance, supervision, management, incitement, encouragement, and knowledge of each of the other Defendants.

15.   Plaintiff is informed and/or believe and thereon alleges that at all times relevant herein, Defendants, and each of them was acting within the scope, course, and purpose of such authority, legal or property owners, entity, lessors, operators, managers, maintainers, agent, real estate or managing agent, broker, servant, employee, employer, trustee, trustor, representative, fiduciary, partner, co-venturer, officer, director, stockholder, principal or co-conspirator, California Corporation, landlord, person, business establishment, organization, rental housing property, owner and/or an entity or private entity performing work duties for, with, on behalf of, and/or under the guidance, instruction, authorization, instigation,

6

**COMPLAINT FOR DAMAGES**

ratification, assistance, supervision, management, incitement, encouragement, knowledge capacity, or conspiracy.

16.     Plaintiff is further informed and/or believes and thereon alleges that each Defendant induced, collaborated, agreed with, authorized, instigated, encouraged, conspired, or otherwise participated in the events constituting the Complaint; and thus, is responsible in some manner for the events and happenings, and direct or proximately caused the injuries and damages as alleged herein.

17.     Where appearing herein, each and every reference to Defendants or to any of them, is intended to be and is a reference to all Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

## STATEMENT OF FACTS ("SOF")

18.     At all relevant times alleged or discussed here, Plaintiff was a disabled or handicapped tenant at Defendants CRESTWOOD APARTMENTS property.  For Plaintiffs' chronic disease and health condition, she uses a wheel chair and walker, and is substantially affected in her organs, immune, respiratory, and muscle systems, and is limited with difficulty in and without limitations to her ability to breath, step, walk, stand, lift, carry, pull, bend, climb, and feel.

19.     On January 21, 2023, Plaintiff asked defendant POWELL for a disability reasonable accommodation for modification to her bathtub which was denied. On February 1, 2023, POWELL told Plaintiff that she was required to give a payment as a requirement for the reasonable accommodation.  On February 16, 2023, POWELL told Plaintiff that the accommodation will be granted which provided and used by Plaintiff more than thirty (30) days later.  On or around June 26, 2023, POWELL told Plaintiff that her rent would be increased which did occur.  Defendants POWELL, and on behalf of Defendants AG 01-75, AMC, ARES, AG89-5, and CRESTWOOD APARTMENTS

7

**COMPLAINT FOR DAMAGES**

intentionally raised Plaintiff's rent in retaliation and discrimination for her asking for and using the accommodation.

20.     On July 3, 2023, and for her physical disabilities, handicaps, and wheel chair usage, and so that Plaintiff can move to, into, and from her home and parking space easily, safely, and independently without assistance, Plaintiff asked Defendants POWELL, CRESTWOOD APARTMENTS, FYLLING, and SCARDINA for a reasonable accommodation for a new parking spot that does not require her to walk up and down stairs and a hill in order to access her parking space, vehicle, and apartment. Plaintiff also requested an accommodation for a parking space in one of the compact spaces on the lower level and closest to her rental unit.  Defendants FYLLING and SCARDINA ignored and did not respond to Plaintiff's accommodation requests, and Defendants POWELL, FYLLING, SCARDINA, and CRESTWOOD APARTMENTS denied and refused to give Plaintiff these reasonable accommodation requests and failed to engage in or unreasonably delayed and broke down the interactive process.

21.     On July 3, 2023, Plaintiff opposed and complained to Defendants POWELL, CRESTWOOD APARTMENTS, FYLLING, and SCARDINA that there were only two (2) handicap parking spaces on the property, but there was a huge amount of compact and non-handicap parking that allow non-physical disabled persons to park closest to their apartment which is convenient for them. On this same date and behalf of herself and other physically disabled tenants and persons on the property, Plaintiff requested a reasonable accommodation that Defendants install or put handicap accessible parking through the property.

22.     Defendants POWELL, CRESTWOOD APARTMENTS, FYLLING, and SCARDINA intentionally denied and refused to give Plaintiff the reasonable accommodations for retaliatory and discriminatory reason and as a motivating or dominate purpose for Plaintiff's complaints and opposition to the disability

8

**COMPLAINT FOR DAMAGES**

discrimination, and for Plaintiff's physical disabilities and for her using or requesting the reasonable accommodation.  Plaintiff was physically disabled and qualified for the requested handicap and compact parking space(s), which remained available but refused and denied to Plaintiff by Defendants.

23.     Defendants, and each of them knew or should have known, or was informed that Plaintiff is a physically disabled or handicapped tenant or person. Defendants conduct herein was done with deliberate indifference to Plaintiff's safety, protections, and rights, and was done willfully, purposely, knowingly, unfairly, and in-part or as a dominate or motivating factor for Plaintiff's physical disabilities, handicaps, or perceived physical disabilities or handicaps, for Plaintiff requesting or using the reasonable accommodations, and complaining about and opposing the disability discrimination.

24.     Defendants, and each of them, authorized, assisted, conspired with, encouraged, ratified, instigated, and/or compelled one another to, or in an attempt to interfere with Plaintiff rights to be protected from discrimination and retaliation for her being disabled or handicapped, for her complaints and oppositions to the disability discrimination at the property, and for her requesting or using a reasonable accommodation.

25.     Defendants, and each of them, intentionally subjected Plaintiff to unfair and different terms, conditions, and privileges at their rental property, they failed or refused to make reasonable accommodations in their rules, policies, practices, or services to afford Plaintiff the reasonable accommodations, and they failed or refused to design and construct the property in a manner to give Plaintiff equal, readily, and easily accessible and use of the public and common areas of the property while walking or using her wheelchair.  Defendants could have, but refused to design the property with an easily accessible route through the property (e.g. hallways, walkways,

9

**COMPLAINT FOR DAMAGES**

sidewalks, and parking lots/spaces) which is necessary to give Plaintiff and other physically disabled or handicapped persons and tenants equal opportunity to use and enjoy their home and the property. Defendants designed and constructed the property for readily and easily access and use for their non-physically disabled guest and tenants, and not for physically disabled persons or tenants like Plaintiff.

26.    Without much difficulty or cost, Defendants did not, but could have easily accomplished modification, construction, installation, expansion, or removal of parking spaces, handicap parking, curbs, sidewalks, and walkways in order to afford Plaintiff and other physically disabled tenants or persons on the property an equal opportunity and enjoyment to use their wheel chair, walker, and bodies to travel in and throughout the property, dwelling, and common areas easily, independently, or without assistance, injuries, or struggle like the non-physically disabled or handicap tenants or persons using and enjoying the common and living areas on the property.

27.    Defendants were or are believed to have been acting as a private entity that owned, operates, and lease the Crestwood Apartments Homes, which provides public accommodation. Defendants' Crestwood Apartments Homes is or is believed to be a covered multifamily dwelling built in 1989, with seventy-six (76) apartment units, about (121) non-handicap parking spaces, and ONLY two (2) handicap parking spaces, that is required to designate at least three or four handicap parking spaces on the property. Defendants refused to and failed to comply with this obligation. Unlike the non-physically disabled or handicap tenants or persons on or using the property, the routs and common areas to and from Plaintiff's apartment and parking space are not easily or readily accessible for Plaintiff to afford her the full and equal opportunity to enjoy dwelling.

//

//

**COMPLAINT FOR DAMAGES**

28.     On July 12, 2023, Defendant POWELL attempted to force, and did intimidate and threatened Plaintiff with a denial of a reasonable accommodation and the process if she did not complete an unnecessary accommodation requests form. Defendant POWELL also did, and attempted to intimidate Plaintiff by falsely accusing Plaintiff of refusing to fill out alleged required document of Defendants in order for them to proceed with Plaintiff's disability reasonable accommodation requests.

29.     On behalf of, or under the guidance, instruction, approval, supervision, management, ratification, assistance, or instigation of Defendants AG 01-75, AMC, ARES, AG89-5, CRESTWOOD APARTMENTS, and herself, and in an threating, intimidating, and oppressive manner, Defendant POWELL knowingly, intentionally, and willfully interfered or attempted to interfere with Plaintiff right to request and use a reasonable accommodation for her physical disabilities, handicaps, or health conditions resulting from her disabilities or handicaps.

30.     At all relevant times herein, Defendant POWELL lived at the CRESTWOOD APARTMENTS and had the power, authority, skills, and ability to manage and control the property and prevent or stop Plaintiff from being harmed, discriminated and retaliated against but failed or refused to do so.  Defendant POWELL owed Plaintiff a duty or legal duty at the CRESTWOOD APARTMENTS to use ordinary or reasonable care and skill, to provide a safe living environment, and to protect and prevent harm to Plaintiff but failed or refused to do so.

31.     On August 23, 2023, while Plaintiff was on her patio trying to wash her clothes, a neighbors' grey cat entered Plaintiff's patio.  Plaintiff was physically attacked by her neighbors cat who is dangerous and constantly roaming the property freely, unattended, and not on a leash.

//
//

11

**COMPLAINT FOR DAMAGES**

**32.**     Prior to Plaintiff being attacked by the other tenants' cat, defendant POWELL knew (or should have reasonably known) and was informed by Plaintiff and other tenants that the cat was dangerous, freely roaming the property unattended, and that it had previously was attacked and harmed another tenant living at the property. Defendant POWELL allowed the cat to continue to run loose on the property and failed to adequately and promptly control or remove the dangerous cat from the property when she had the power, authority, control, and/or ability to do so.  Plaintiff being attacked by the other tenants' cat was reasonably foreseeable to POWELL.

**33.**     Defendant POWELL knowingly, intentionally, and willfully breached her duty to Plaintiff by failing to use ordinary or reasonable care and skill, provide a safe living environment, and protect and prevent Plaintiff from being harmed or attacked by the other residents cat.  POWELL did not, and failed to keep or make the CRESTWOOD APARTMENTS a safe living environment by not regularly checking for obvious and not so obvious signs of wild or dangerous cats on the property.

**34.**     Defendants AG 01-75, AMC, ARES, AG89-5, CRESTWOOD APARTMENTS, POWELL, FYLLING, and SCARDINA had a duty or an affirmative duty to Plaintiff and under disability or handicap law(s) to make reasonable modifications and reasonable accommodate to Plaintiff as physically disabled or handicapped persons/tenant and to not discriminate against Plaintiff for being disabled or handicap or for requesting a reasonable accommodation.

**35.**     Defendants AG 01-75, AMC, ARES, AG89-5, CRESTWOOD APARTMENTS, POWELL, FYLLING, and SCARDINA knowingly, intentionally, and/or willfully breached their duty or affirmative duty to Plaintiff by refusing or failing to provide Plaintiff with a reasonable accommodation and modification for Plaintiff's physical disabilities, handicaps, or health conditions as a result of her physical disabilities or handicaps.

**COMPLAINT FOR DAMAGES**

**36.**     Defendants POWELL, FYLLING, and SCARDINA are, or is believed to be managers, landlords, employees, hired or paid employees, agents or private agents, corporate staff, or contractors authorized to operate, hold possession of, control, manage, supervise, and/or make business decisions for CRESTWOOD APARTMENTS.

**37.**     Defendants AG 01-75, AMC, ARES, AG89-5, and CRESTWOOD APARTMENTS are, or is believed to be the owner, co-owner, landlord, principle, controller, management company, corporation, or employer of defendants POWELL, FYLLING, SCARDINA, and CRESTWOOD APARTMENTS, and did, or is believed to have authorized, encouraged, guided, ratified, instigated, assisted, and/or partook in defendants POWELL, FYLLING, SCARDINA, and CRESTWOOD APARTMENTS intentional, discriminatory, and retaliatory conduct, actions, inactions, and/or omissions against Plaintiff.

**38.**     Defendants have engaged in a pattern, custom, or practice of unfair, unlawful, and fraudulent acts of disability discrimination in the ownership, operation, and management of the CRESTWOOD APARTMENTS property.  Defendants falsely advertises and mislead Plaintiff to believe that she will be living and renting at CRESTWOOD APARTMENTS as if it is an equal housing opportunity property, Defendants unlawfully and unfairly denied Plaintiff a reasonable accommodation and subjected her to discrimination and retaliation for her physical disability, for her using and requesting a reasonable accommodation, and Defendants unfairly and unlawfully denied Plaintiff an reasonable accommodation to full, equal, as easy access to parking, handicap parking, and her home, which are automatically given to or made available for used and access by the public, non-physically disabled tenants, and guests on the property.

//

**39.** Defendants AG 01-75, AMC, ARES, AG89-5, CRESTWOOD APARTMENTS, POWELL, FYLLING, and SCARDINA knew or should have reasonably known that each of them engaged in discriminatory, retaliatory, or negligent conduct against Plaintiff by ignoring or denying Plaintiff a reasonable accommodation. Each of the Defendants had the power and ability to stop, prevent, or correct their discriminatory, retaliatory, or negligent conduct against Plaintiff but failed and did not do so.

**40.** Defendants AG 01-75, AMC, ARES, AG89-5, and CRESTWOOD APARTMENTS had the power and ability to do so, but failed to, or is believed to have failed to train, properly train, supervise, and/or properly supervise Defendants POWELL, FYLLING, SCARDINA, and each other while operating, controlling, managing, supervising, holding possession of, and/or making business decision(s) for CRESTWOOD APARTMENTS.

**41.** Defendants conduct, actions, inaction, and omissions alleged herein was done intentionally, willfully, knowingly, maliciously, recklessly, and/or with deliberate indifference or disregard to Plaintiffs' rights and the laws alleged herein.

**42.** As a direct, proximate, or motivating cause of Defendants conduct, actions, inaction, and omissions alleged herein, Plaintiff suffered injuries or losses such as fear, worry, shock, panic, inconvenience, strain, slip and fall, dizziness, embarrassment, pain, loos of self-dignity, deprivation of her tenant and disabled persons rights, and deprivation of an equal opportunity and peaceful enjoyment of living, increase in rental monthly costs, cat attacks, puncture wounds, scratches, and bleeding to her arm from the cat attack, and deprivation of her rights to a disability reasonable accommodation and her rights to be free from disability discrimination and retaliation protected in 42 U.S.C. § 3601, § 3604, & § 3617; 42 U.S.C. §§ 12101 & 12182; Cal. Civ. Code § 54; Cal. Civ. Code § 51; and

14

**COMPLAINT FOR DAMAGES**

Cal. Gov. Code § 12921 and § 12955.

**43.**    On or about August 16, 2023, Plaintiff filed a complaint of discrimination with the California Department of Civil Rights ("DFEH") against the Defendants in this action, which was dule filed with the U.S. Department of Housing and Urban Development ("HUD").  At the request of Plaintiff, on or around September 14, 2023, the complaint was closed because she elected to file and resolve the disputes and issues alleged herein in a court action.  Plaintiff has or believes to have executed, mitigated, exhausted, and satisfied all conditions, remedies, and statute of limitations requisites to bring this law suit and causes of action against each of the Defendants sued herein.

## FIRST CAUSE OF ACTION

**(Discrimination & Retaliation in Violation of Civil Rights: Americans with Disability Act "ADA," 42 U.S.C. §§ 12101 et seq. & 12182 et seq; Personal Rights, Cal. Civ. Code § 51 et seq; California Disabled Persons Act "CDPA," Cal. Civ. Code §§ 54 et seq; & Housing Discrimination, Cal. Code of Regs. § 12130 et seq., Cal. Gov. Code § 12921(b), §§ 12955(a),(d), (f)) (Against All Defendants)**

**44.**    Plaintiff realleges paragraphs 1 through 43 above.

**45.**    <u>California Civil Code § 51</u> states, in pertinent part, "that all persons within the state of California, regardless of disability are entitled to full and equal accommodations, advantages, facilities, privileges or services in all business establishments of any kind." "No business establishment of any kind whatsoever shall discriminate against, because the person is perceived to have one or more of those characteristics section 51." <u>California Civil Code § 51.5(a)</u>.

**46.**    <u>Cal. Civ. Code § 54.1</u> provides in part that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... places of public accommodation, amusement, and other places to which the general public is invited...." It specifically provides that individuals with disabilities will have "full and free use of the streets,

**COMPLAINT FOR DAMAGES**

highways, sidewalks, walkways, ..., and other public places. *Id.* § 54. "A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section." Cal. Civ. Code § 54(c).

47.    42 USCA § 12101 (a)(1) provided in-part that "physical disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination."

48.    42 USCA § 12182(a) provides, as a general rule, that "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the ... privileges ... of any place of public accommodation."

49.    Cal. Code of Regs. Tit. 2 § 12130(a), prohibits acts of retaliation "against individuals who exercise their rights to be free from discriminatory housing practices. It shall be unlawful for any person to take adverse action against an aggrieved person when a purpose for the adverse action is retaliation for engaging in protected activity." "Protected activity" includes opposing housing practices believed to be discriminatory or made unlawful by a fair housing law or making a request for a reasonable accommodation or reasonable modification for an individual with a disability even if the request is not granted. " Cal. Code Regs. tit. 2 § 12130(c).

50.    Cal. Code of Regs 12005(b)(1) § states in relevant part that an ""Adverse action" means action that harms or has a negative effect on an aggrieved person." An adverse action includes "Taking other action that has an adverse effect on an aggrieved person." § 12005(b)(5). An "Aggrieved person" includes any person who "Believes they have been injured by a discriminatory housing practice." § 12005(c)(1).

**COMPLAINT FOR DAMAGES**

**51.**   Cal. Gov. Code § 12921(b) provides that "The opportunity to seek, obtain, and hold housing without discrimination because of disability is a civil right."

**52.**   California Government Code § 12955(a)-(b) makes it unlawful for the owner of any housing accommodation to discriminate against any person on a disallowed basis, including disability.

**53.**   California Government Code § 12955(f) provides in relevant part that "It shall be unlawful For any owner of housing accommodations to otherwise discriminate against any person in the rental of housing accommodations when the owner's dominant purpose is retaliation against a person who has opposed practices unlawful under this section.

**54.**   California Government Code § 12955(g) makes it unlawful for "any person to aid, abet, incite, compel, or coerce the doing of any of the acts or practices declared unlawful in this section, or to attempt to do so."

**55.**   Defendants CRESTWOOD APARTMENTS property is, or is believed to be in non-compliance with and in violation of 24 C.F.R. § 570.614(b) which states in part that "The Americans with Disabilities Act provides comprehensive civil rights to individuals with disabilities in the areas of public accommodations, ... It further provides that discrimination includes a failure to design and construct facilities for first occupancy no later than January 26, 1993, that are readily accessible to and usable by individuals with disabilities."

**56.**   As alleged above, Plaintiff was a tenant of Defendants and is a person with a physical handicap and disability as defined under 42 U.S.C. § 3602(h), 24 C.F.R. § 100.201(a), and Cal. Gov. Code § 12926(m). (SOF, ¶ 18).

**57.**   Plaintiff requested and used a disability reasonable accommodation from Defendants, and opposed and complained to Defendants about disability discrimination on the property. (SOF, ¶¶ 19-20). Following Plaintiff's protected

activities, and as a motivating or dominate purpose for Plaintiff's protected activities and disability, and with the authorization, assistance, conspiracy, encouragement, ratification, instigation, and/or compelling of one another, Defendants intentionally raised Plaintiff's rent, required or attempted to require her to pay form the accommodation, ignored, failed to, and denied Plaintiff a full and equal reasonable accommodation in the terms, conditions, privileges, services, and advantages on the property and for handicap and modified parking spaces, and failed to engage in and unreasonably delayed and broke down the interactive process. (SOF, ¶¶¶ 19-22, 25).

58.    Without much difficulty or cost. Defendants did not, but could have easily accomplished modification, construction, installation, expansion, or removal of parking spaces, handicap parking, curbs, sidewalks, and walkways in order to afford Plaintiff and other physically disabled tenants or persons on the property and equal opportunity and enjoyment to use their wheel chair, walker, and bodies to travel in and throughout the property, dwelling, and common areas easily, independently, and/or without assistance, injuries, or struggle and like the non-physically disabled or handicap tenants or persons using and enjoying the common and living areas on the property. (SOF, ¶ 26).

59.    At all relevant times alleged herein, Defendants were or is believed to have been acting as a private entity that owned, operates, and lease the public accommodation. (SOF, ¶ 27).  Defendants are or are believed to be a covered multifamily dwelling built in 1989, with seventy-six (76) apartment units, about (121) non-handicap parking spaces, and ONLY two (2) handicap parking spaces (not easily or readily accessible or useable), that is required to designate at least handicap parking spaces on the property. (SOF, ¶ 27).  Defendants refused to and failed to comply with these obligation. *Id.*  Unlike the non-physically disabled or handicap tenants or persons on or using the property, the routs and common areas to and from

**COMPLAINT FOR DAMAGES**

Plaintiff's apartment and parking space are not easily or readily accessible for Plaintiff to afford her the full and equal opportunity to enjoy dwelling. *Id.*

60. As a direct, proximate, or motivating cause of Defendants conduct here, Plaintiff suffered injuries such as fear, worry, shock, panic, inconvenience, strain, slip and fall, dizziness, embarrassment, pain, loos of self-dignity, deprivation of her tenant and disabled persons rights, and deprivation of peaceful enjoyment of living, and increase in rental monthly costs. (SOF, ¶ 42).

## SECOND CAUSE OF ACTION

**(Discrimination & Retaliation in Violation of Civil Rights: Fair Housing Act of 1968, 42 U.S.C. § 3601, § 3604, & § 3617)**
**(Against All Defendants)**

61. Plaintiff realleges paragraphs 1 through 60 above.

62. 42 U.S.C. § 3601 states "It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States."

63. 42 U.S.C. § 3604(f)(1) provides in relevant part that "it shall be unlawful "To discriminate in the rental to any renter because of a handicap of that renter, or a person residing in that dwelling after it is rented, or made available."" 42 U.S.C. § 3604(f)(1)(A)(B); same 24 C.F.R. § 100.202(a).

64. 42 U.S.C. § 3604(f)(2) states in relevant part that "it shall be unlawful "To discriminate against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person; or a person residing in that dwelling after it is rented, or made available. 42 U.S.C. § 3604(f)(2)(A)(B); same 24 C.F.R. § 100.202(b)-(b)(2).

65. 42 U.S.C. § 3604(f)(3) provides in relevant part that "For purposes of this subsection, discrimination includes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to

afford such person equal opportunity to use and enjoy a dwelling; or in connection with the design and construction of covered multifamily dwellings for first occupancy after the date that is 30 months after September 13, 1988, a failure to design and construct those dwellings in such a manner that the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons; all premises within such dwellings contain the following features of adaptive design: an accessible route into and through the dwelling.  42 U.S.C. § 3604(f)(3)(B) & 42 U.S.C. § 3604(f)(3)(C)(i), (iii)(1).

66.    42 U.S.C. § 3617 in relevant park makes it is unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, in the exercise of enjoyment of any right granted by sections 3603, 3604, 3605, and 3606 of this title."

67.    24 C.F.R. § 100.65(a) states in relevant part that "It shall be unlawful, because of handicap, to impose different terms, conditions or privileges relating to the rental of a dwelling or to deny or limit services or facilities in connection with the rental of a dwelling."

68.    24 C.F.R. § 100.204(a) provides "It shall be unlawful for any person to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling unit, including public and common use areas.

69.    24 C.F.R. § 100.204(b) illustrates that it is reasonable, necessary, feasible, and practical under the circumstances to afford a physically disabled applicant/tenant with an accommodation for a reserved parking space near his unit so he will not have to walk very far to get to his apartment and have equal opportunity to use and enjoy a dwelling. *Id.*  It also illustrates that "It is a violation

20

**COMPLAINT FOR DAMAGES**

of § 100.204 for the owner or manager to refuse to make this accommodation" and that "Without a reserved space, the tenant/applicant "might be unable to live in" the housing property at all or, "when he has to park in a space far from his unit, might have great difficulty getting from his car to his apartment unit." *Id.*

70.     As alleged above, Plaintiff is a person with a physical handicap and disability as defined under 42 U.S.C. § 3602(h) et seq., 24 C.F.R. § 100.201(a) et seq., and Cal. Gov. Code § 12926(m) et seq. (SOF, ¶ 18).

71.     On January 21, 2023, Plaintiff asked defendant POWELL for a disability reasonable accommodation for modification to her bathtub. (SOF, ¶ 19). Defendant POWELL denied the accommodation and told Plaintiff on February 1, 2023, that she was required to give a payment as a requirement for the reasonable accommodation. *Id.* On February 16, 2023, and after a twenty-six (26) days unreasonable delay, POWELL told Plaintiff that the accommodation will be granted.  The accommodation was first provided more than thirty (30) days later; which and Plaintiff used. *Id.*  On or around June 26, 2023, and less than one hundred eighty (180) days after Plaintiff requested and used the accommodation, POWELL told Plaintiff that her rent is increased. *Id.*  Defendants POWELL, AG 01-75, AMC, ARES, AG89-5, and/or CRESTWOOD APARTMENTS raised Plaintiff's rent in retaliation and discrimination for her requesting and using the reasonable accommodation. *Id.*

72.     On July 3, 2023, and for her physical disabilities, handicaps, and wheel chair usage, and so that Plaintiff can move to, into, and from her home and parking space easily, safely, and independently without assistance, Plaintiff asked Defendants POWELL, CRESTWOOD APARTMENTS, FYLLING, and SCARDINA for a reasonable accommodation for a new parking spot that does not require her to walk up and down stairs and a hill in order to access her parking space, vehicle, and apartment. (SOF, ¶ 20).  Plaintiff also requested an accommodation for a parking

21

**COMPLAINT FOR DAMAGES**

space in one of the compact spaces on the lower level and closest to her rental unit. *Id*. Defendants FYLLING and SCARDINA ignored and did not respond to Plaintiff's accommodation requests, and Defendants POWELL, FYLLING, SCARDINA, and CRESTWOOD APARTMENTS denied and refused to give Plaintiff these reasonable accommodation requests. *Id*.

73.     On July 3, 2023, Plaintiff opposed and complained to Defendants POWELL, CRESTWOOD APARTMENTS, FYLLING, and SCARDINA that there were only two (2) handicap parking spaces on the property, but there was a huge amount of compact and non-handicap parking that allow non-physical disabled persons to park closest to their apartment which is convenient for them. (SOF, ¶ 21). Consequently, and on behalf of herself and other physically disabled tenants and persons on the property, Plaintiff requested a reasonable accommodation that Defendants install/put handicap accessible parking through the property. *Id*.

74.     Defendants POWELL, CRESTWOOD APARTMENTS, FYLLING, and SCARDINA denied and refused to give Plaintiff the reasonable accommodations in paragraphs 72 and 73 in retaliation and discrimination for Plaintiff's complaints, opposition, and for her using or requesting the reasonable accommodation in paragraphs 71. (SOF, ¶ 22). Plaintiff was physically disabled and qualified for the requested handicap and compact parking space(s), which remained available but refused and denied by Defendants to Plaintiff. *Id*.

75.     Defendants, and each of them knew or should have known, or was informed that Plaintiff is/was physically disabled or handicapped tenant/person. Defendants conduct was done with deliberate indifference to Plaintiff's safety, protections, and rights, and was willfully, purposely, knowingly, unfairly, and in-part or as a motivating factor for Plaintiff's physical disabilities, handicaps, or perceived

physical disabilities or handicaps, and for Plaintiff requesting or using the reasonable accommodations in paragraphs 71, 72, and 73. (SOF, ¶ 23).

76.    Defendants, and each of them, authorized, assisted, conspired with, encouraged, ratified, instigated, and/or compelled one another to, or in an attempt to interfere with Plaintiff rights to be protected from discrimination and retaliation for her being disabled or handicapped, for her complaints and oppositions to the disability discrimination at the property and for her requesting or using a reasonable accommodation. (SOF, ¶ 24).

77.    Defendants, and each of them, subjected Plaintiff to unfair and different terms, conditions, and privileges at their rental property, they failed or refused to make reasonable accommodations in their rules, policies, practices, or services to afford Plaintiff the reasonable accommodations, and they failed or refused to design and construct the property in a manner to give Plaintiff readily and easily accessible and use of the public and common areas of the property while walking or using her wheelchair. (SOF, ¶ 25).  Defendants could have, but refused to design the property with an easily accessible route through the property (e.g. hallways, walkways, sidewalks, and parking lots/spaces) which is necessary to give Plaintiff and other physically disabled or handicapped persons/tenants equal opportunity to use and enjoy a home or property. Defendants designed/constructed the property for readily and easily access and use for non-physically disabled persons/tenants, and not for physically disabled persons/tenants like Plaintiff. (SOF, ¶ 25).

78.    As a direct, proximate, or motivating cause of Defendants conduct, Plaintiff suffered injuries such as fear, worry, shock, panic, inconvenience, strain, slip and fall, dizziness, embarrassment, pain, loos of self-dignity, deprivation of her tenant and disabled persons rights, and deprivation of an equal opportunity and peaceful enjoyment of living, and increase in rental monthly costs. (SOF, ¶ 42).

## THIRD CAUSE OF ACTION

**(Interference by Threat, Intimidation, & Coercion in Violation of Civil Rights:**

· **Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1)**

**(Against Defendants** AG 01-75, AMC, ARES, AG89-5, CRESTWOOD
APARTMENTS, and POWELL**)**

**79.** Plaintiff realleges paragraphs 1 through 78 above.

**80.** The Tom Bane Civil Rights Act ("Bane Act") provides a right to relief when someone "interferes by threats, intimidation, or coercion ... with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Cal. Civ. Code § 52.1.

**81.** 42 U.S.C. § 3617 in relevant park makes it is unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, in the exercise of enjoyment of any right granted by sections 3603, 3604, 3605, and 3606 of this title."

**82.** Cal. Gov. Code § 12955.7 provides that "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of that person having exercised or enjoyed, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by Section 12955 or 12955.1."

**83.** Cal. Gov. Code § 12955.8 states in part that "Proof of an intentional violation of this article includes, but is not limited to, an act or failure to act that is otherwise covered by this part, that demonstrates an intent to discriminate in any manner in violation of this part. A person intends to discriminate if disability is a motivating factor in committing a discriminatory housing practice even though other factors may have also motivated the practice. An intent to discriminate may be established by direct or circumstantial evidence." and by "Proof of a violation

causing a discriminatory effect is shown if an act or failure to act that is otherwise covered by this part, and that has the effect, regardless of intent, of unlawfully discriminating on the basis of disability." Cal. Gov. Code § 12955.8(a)(b).

84.    As alleged above, Defendant POWELL attempted to force, and did intimidate and threatened Plaintiff with a denial of a reasonable disability accommodation and the process if she did not complete an accommodation requests form.  Defendant POWELL also did, and attempted to intimidate Plaintiff by falsely accusing Plaintiff of refusing to fill out alleged required document of Defendants in order for them to proceed with Plaintiff's disability reasonable accommodation requests (SOF, ¶ 28).  On behalf of and/or under the guidance, instruction, authorization, management, supervision, ratification, assistance, or instigation of Defendants AG 01-75, AMC, ARES, AG89-5, and CRESTWOOD APARTMENTS, and herself, and in an threating, intimidating, and oppressive manner, Defendant POWELL knowingly, intentionally, and willfully interfered or attempted to interfere with Plaintiff right to request and use a reasonable accommodation for her physical disabilities, handicaps, or health conditions resulting from her disabilities or handicaps (SOF, ¶ 29).

85.    As a direct, proximate, and/or motivating cause of Defendants threat, intimidation, and coercion against Plaintiff, she suffered fear, worry, shock, pressure, inconvenience, deprivation of her rights to a disability reasonable accommodation and her rights to be free from disability discrimination and retaliation under 42 U.S.C. § 3601, § **3604, &** § **3617**; 42 U.S.C. §§ 12101 & 12182; Cal. Civ. Code § 54; Cal. Civ. Code § 51;and Cal. Gov. Code § 12921 and § 12955. (SOF, ¶ 42; & ¶¶ 60, 78).

//

//

//

25

**COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION

**(Negligence - Vicarious Liability, 24 C.F.R. § 100.7; 2 Cal. Code Regs. § 12010;
Cal. Civ. Code § 1714 & § 2338; Restatement (2d) of Torts § 379A;
Restatement (3d) on Torts § 14)
(Against All Defendants)**

86.   Plaintiff realleges paragraphs 1 through 85 above.

87.   24 C.F.R. § 100.7 provides "Direct liability" for a person's own conduct
that results in a discriminatory housing practice and for that person "Failing to take
prompt action to correct and end a discriminatory housing practice by that person's
employee or agent, where the person knew or should have known of the discriminatory
conduct." 24 C.F.R. § 100.7 (a)(1)(i)(ii).   "A person is vicariously liable for a
discriminatory housing practice by the person's agent or employee, regardless of
whether the person knew or should have known of the conduct that resulted in a
discriminatory housing practice, consistent with agency law." 24 C.F.R. § 100.7(b).

88.   2 Cal. Code Regs. § 12010 provides " Direct Liability" for a
"person's own conduct that results in a discriminatory housing practice or for
"Failing to take prompt action as determined on a case-by-case basis to correct and
end a discriminatory housing practice by that person's employee or agent, where
the person knew or should have known of the discriminatory conduct, including
because supervisors, managers, or principals of the person had or should have had
such knowledge." (a)(1)(A)-(B).

89.   California Civil Code § 1714(a) states in part that "Everyone is
responsible, not only for the result of his or her willful acts, but also for an injury
occasioned to another by his or her want of ordinary care or skill in the
management of his or her property or person, ..."

90.   California Civil Code § 2338 states in part that "'Unless required by
or under the authority of law to employ that particular agent, a principal is

responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal."

91.    Restatement (2d) of Torts § 379A states that "Unless otherwise agreed, a paid agent is subject to a duty to the principle to act with standard care and with skill which is standard in the locality for the kind of work which he is employed to perform and, in addition, to exercise any special skill that he has."

92.    Restatement (3d) on Torts § 14 states that "Statutory Violations as Negligence Per Se An actor is negligent if, without excuse, the actor violates a statute that is designed to protect against the type of accident the actor's conduct causes, and if the accident victim is within the class of persons the statute is designed to protect."

93.    Defendants POWELL, FYLLING, and SCARDINA are, or is believed to be managers, landlords, employees, paid employees, agents, corporate staff, or contractors authorized to operate, control, manage, supervise, or possession holder making business decisions for CRESTWOOD APARTMENTS. (SOF, ¶¶ 30, 36).

94.    Defendants AG 01-75, AMC, ARES, AG89-5, and CRESTWOOD APARTMENTS are, or is believed to be the owner, co-owner, landlord, principle, controller, management company, corporation, or employer of defendants POWELL, FYLLING, SCARDINA, and CRESTWOOD APARTMENTS, and did, or is believed to have authorized, encouraged, guided, ratified, instigated, assisted, and/or participated in defendants POWELL, FYLLING, SCARDINA, and CRESTWOOD APARTMENTS unlawful conduct, actions, inactions, and/or omissions against Plaintiff (SOF, ¶ 37).

//

//

**COMPLAINT FOR DAMAGES**

95.    Defendants AG 01-75, AMC, ARES, AG89-5, and CRESTWOOD APARTMENTS had the power or ability to do so, but failed to, or is believed to have failed to train, properly train, supervise, and/or properly supervise Defendants POWELL, FYLLING, SCARDINA, and each other while operating, controlling, managing, supervising, holding possession of, and/or making decision(s) for CRESTWOOD APARTMENTS. (SOF, ¶ 40).

96.    At all relevant times herein, Defendant POWELL lived at the CRESTWOOD APARTMENTS and had the power, authority, skills, and ability to manage and control the property and prevent or stop Plaintiff from being harmed but failed or refused to do so.  Defendant POWELL owed Plaintiff a duty/legal duty at the CRESTWOOD APARTMENTS to use ordinary or reasonable care and skill, to provide a safe living environment, and to protect and prevent harm to Plaintiff but failed or refused to do so. (SOF, ¶¶ 30, 33).

97.    Defendant POWELL knowingly, intentionally, and willfully breached her duty to Plaintiff by failing to use ordinary or reasonable care and skill, provide a safe living environment, and protect and prevent Plaintiff from being harmed or attacked by another residents cat.  Also by not, or failing to keep or make the CRESTWOOD APARTMENTS a safe living environment and by not or failing to regularly check the property for obvious and not so obvious signs of wild or dangerous cats on the property. (SOF, ¶ 33).

98.    On August 23, 2023, while Plaintiff was on her patio trying to wash her clothes, a neighbors' grey cat entered Plaintiff's patio.  Plaintiff was physically attacked by her neighbor's cat who is dangerous and constantly roaming the property freely, unattended, and not on a leash. . (SOF, ¶ 31).

//

//

**COMPLAINT FOR DAMAGES**

**99.**   Prior to Plaintiff being attacked by the other tenants' cat, defendant POWELL knew (or should have reasonably known) and was informed by Plaintiff and other tenants that the cat was dangerous, freely roaming the property unattended, and that it had previously was attacked and caused physical injuries to another tenant living at the property.  Defendant POWELL allowed the cat to continue to run loose on the property and failed to adequately and promptly control or remove the dangerous cat from the property when she had the power, authority, control, and/or ability to do so. Plaintiff being attacked by the other tenants' cat was foreseeable or reasonably foreseeable to defendant POWELL. (SOF, ¶ 32).

**100.**   Defendants AG 01-75, AMC, ARES, AG89-5, CRESTWOOD APARTMENTS, POWELL, FYLLING, and SCARDINA had a duty or an affirmative duty to Plaintiff and under disability or handicap law(s) to make reasonable modifications and reasonable accommodate to Plaintiff as physically disabled or handicapped persons/tenant and to not discriminate against Plaintiff for being disabled/handicap or for requesting a reasonable accommodation. (SOF, ¶ 34).

**101.**   Defendants AG 01-75, AMC, ARES, AG89-5, CRESTWOOD APARTMENTS, POWELL, FYLLING, and SCARDINA knowingly, intentionally, and/or willfully breached their duty or affirmative duty to Plaintiff by refusing/failing to provide Plaintiff with a reasonable accommodation and modification for Plaintiff's physical disabilities, handicaps, or health conditions as a result of her physical disabilities or handicaps. (SOF, ¶ 35).

**102.**   Defendants AG 01-75, AMC, ARES, AG89-5, CRESTWOOD APARTMENTS, POWELL, FYLLING, and SCARDINA knew or should have reasonably known that Plaintiff was/is a tenant/person with physical disabilities or handicaps and that each of them engaged in discriminatory, retaliatory, or negligent conduct against by ignoring or denying Plaintiff a reasonable accommodation. (SOF,

**COMPLAINT FOR DAMAGES**

¶ 39). Each of the Defendants had the power and ability to stop, prevent, or correct their discriminatory, retaliatory, or negligent conduct against Plaintiff but failed and did not do so. *Id.*

103.   As a direct, proximate, or motivating cause of Defendants negligence, and each of their breach of duty, conduct, actions, inactions, and/or omissions, Plaintiff suffered injuries such as cat attacks, puncture wounds, scratches, and bleeding to her arm from the cat attack, fear, worry, shock, panic, inconvenience, strain, slip and fall, dizziness, embarrassment, pain, deprivation of her rights, and deprivation of equal and peaceful enjoyment of living. (SOF, ¶ 42; & ¶¶ 60, 78, 85).

## FIFTH CAUSE OF ACTION

### (Unfair competition in Violation of Cal. Bus. & Prof. Code, § 17200 *et seq*)
### (Against All Defendants)

104.   Plaintiff realleges paragraphs 1 through 103 above.

105.   <u>California Business and professions Code § 17200</u> defines "unfair competition" as any unlawful, unfair or fraudulent business act or practice, or false, deceptive or misleading advertising.

106.   As alleged or implied above, Defendants have engaged in a pattern, custom, or practice of unfair, unlawful, and fraudulent acts of disability discrimination in the ownership, operation, and management of the CRESTWOOD APARTMENTS property.  Specifically, Defendants falsely advertises and mislead Plaintiff to believe that she will be living and renting at CRESTWOOD APARTMENTS as if it is an equal housing opportunity property (SOF, ¶ 38), Defendants unlawfully and unfairly denied Plaintiff a reasonable accommodation and subjected her to discrimination and retaliation for her physical disability, for her using and requesting a reasonable accommodation (SOF, ¶¶ 19-20, 22, 25, 35, 38; & ¶¶ 57, 71-72, 74, 77, 84), and Defendants unfairly and unlawfully denied Plaintiff an reasonable accommodation to full, equal, as easy access to parking, handicap parking, and her home, which are

30

**COMPLAINT FOR DAMAGES**

automatically given to or made available for used and access by the public, non-physically disabled tenants, and guests on the property (SOF, ¶ 38).

 **107.** As a direct, proximate, or motivating cause of Defendants unlawful conduct alleged above, Plaintiff suffered injuries, losses, and rental costs. (SOF, ¶ 42; & ¶¶ 60, 78, 85, 103).

<u>**REQUEST FOR RELIEF**</u>

 WHEREFORE, the Plaintiff requests and prays for judgement against Defendants, and each of them, as follows:

 **108.** General and actual compensatory damages in the amount of $1,000,000.00, or according to proof as provided under 42 U.S.C. § 3613 (c)(1), 42 U.S.C. § 12188et seq., Cal. Civ. Code § 52 (a), Cal. Civ. Code § 52.1. et seq., Cal. Civ. Code § 54.3.(a), Cal. Civ Code § 2381, or any other applicable law;

 **109.** For civil penalty provided by law including, but not limited to that provided in 42 U.S.C. §12188(b)(2), Cal. Gov. Code § 12989.3(f)(3), Cal. Civ. Code § 51.14(d)(3)(4), Cal. Civ. Code § 52 et seq., Cal. Civ. Code § 52.1, Cal. Civ. Code § 54.3(a), Bus. & Prof. Code, §§ 17200 et seq., or any other applicable law;

 **110.** For punitive or exemplary damages according to proof as provided in 42 U.S.C. § 3613(c)(1), 42 U.S.C. §12188(b)(2), Cal. Gov. Code § 12989.2, Cal. Civ. Code § 52 (a), Cal. Civ. Code § 52.1, Cal. Civ. Code § 54.3(a), or any other applicable law;

 **111.** For permeate or temporary injunctive relief against Defendants under 42 U.S.C. § 3613(c)(1), 42 U.S.C. §12188(a)(2), Cal. Gov. Code §12989.2, Cal. Civ. Code § 52(c)(3), Cal. Civ. Code § 52.1, Cal. Civ. Code § 54.3(a), or any other applicable law;

//
//

31

**COMPLAINT FOR DAMAGES**

**112.** For post judgement interest provided by law including, but not limited to, 28 U.S.C § 37(a), 28 U.S.C § 1961(a), and Cal. Civ. Code § 3291, or any other applicable law;

**113.** For attorney and witness fees and cost of suit allowed by law against all Defendants, if applicable under 42 U.S.C. § 3613 (c)(2), 42 U.S.C. § 12188 et seq., Cal. Gov. Code § 12989.2; Cal. Gov. Code § 12989.3(f)(3), Cal. Civ. Code § 52(a), Cal. Civ. Code § 52.1, Cal. Civ. Code § 54.3(a); and

**114.** Other and further relief as the court deems proper against all Defendants.

## DEMAND FOR JURY TRIAL

**115.** Plaintiff hereby requests a jury trial on all issues raised in this complaint.

## VERIFICATION

I Dominique Daniels, declare and certify under penalty of perjury under the laws of the United States of America and the State of California that:

I am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know or believe that all allegations that I have personal knowledge of to be true. I believe the allegations that I do not have personal knowledge of to be true based on specified information, documents, or both. To the best of my knowledge, information, and belief, and after an inquiry reasonable under the circumstances, this Complaint it is not being presented for any improper purpose, such as to harass or annoy Defendants. The claims and legal contentions herein are warranted by existing law, and the factual contentions or allegations have or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Executed on October 16, 2023, in Laguna Hills, California.

_Dominique Daniels_

Dominique Daniels
Plaintiff in Pro Per

32

**See Attached Jurat**        **COMPLAINT FOR DAMAGES**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _ORANGE_

Subscribed and sworn to (or affirmed) before me on this _____ day of _OCTOBER 16_, 20_23_, by _Dominique Daniels_ _____,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

PAMELA A. ARNDT
Notary Public - California
Orange County
Commission # 2462046
My Comm. Expires Sep 2, 2027

(Seal)                    Signature _Pamela a. arndt_